IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA


DANIEL MANCHAS, III,                :
                                    :
            Plaintiff               :
                                    :
        v.                          :    CIVIL NO. 3:CV-16-563
                                    :
COMMONWEALTH OF PENNSYLVANIA,       :    (Judge Conaboy)
ET AL.,                             :
            Defendants              :

FILED
SCRANTON
FEB 0 1 2017

Per_____
DEPUTY CLERK

### MEMORANDUM
### Background

        Daniel Manchas, III an inmate presently confined at the
State Correctional Institution, Huntingdon, Pennsylvania initiated
this pro se action asserting both state and federal claims.
Defendants previously removed Plaintiff's action from the
Huntingdon County, Pennsylvania Court of Common Pleas to this
Court.

        Named as Defendants are the Commonwealth of Pennsylvania,
the Pennsylvania Department of Corrections (DOC), Correct Care
Solutions, Wexford Health Sources, Doctor Andrew Dancha, Doctor
Phillip Balk, Doctor Kevin Kollman and Physician's Assistant
Michael Gomes.  Manchas states that he that he was diagnosed with
scleroderma by a dermatologist in 1995.[1] He subsequently entered
DOC custody in 2001.  A 2010 biopsy performed on Manchas allegedly

---

1.  Scleroderma is a long term autoimmune disease which results in
hardening of the skin anmd in some cases affects internal organs.

1

resulted in a diagnosis which was "suggestive" of scleroderma. Doc. 2-1, ¶ 15.

Plaintiff alleges that while confined at SCI-Huntingdon he been experiencing suffering from an array of symptoms stemming from his disease. However, Manchas contends that despite his numerous complaints, he has been denied adequate medical care for scleroderma by the SCI-Huntingdon medical staff. He concludes that Defendants' actions constituted both deliberate indifference to a serious medical need in violation of the Eighth Amendment and negligence. The Complaint seeks punitive and compensatory damages as well as injunctive relief.

Presently pending is a motion to dismiss filed by Defendants DOC and the Commonwealth of Pennsylvania. See Doc. 12. The opposed motion is ripe for consideration.

## Discussion

Moving Defendants claim entitlement to dismissal on the grounds that they are not persons under § 1983 and are entitled to sovereign immunity with respect to Manchas' state law claims.

## Standard of Review

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept as true all factual allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Kanter v. Barella, 489 F.3d 170, 177 (3d Cir.

2

2007)(quoting <u>Evancho v. Fisher</u>, 423 F.3d 347, 350 (3d Cir. 2005)).

A plaintiff must present facts that, if true, demonstrate a

plausible right to relief. <u>See</u> Fed. R. Civ. P. 8(a)(stating that

the complaint should include "a short and plain statement of the

claim showing that the pleader is entitled to relief"); <u>Bell Atl.</u>

<u>Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007).

This requirement "calls for enough facts to raise a

reasonable expectation that discovery will reveal evidence of" the

necessary elements of the plaintiff's cause of action. <u>Id</u>. at 556.

A complaint must contain "more than an unadorned, the-defendant-

unlawfully-harmed-me accusation." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662,

678 (2009). "Threadbare recitals the elements of a cause of

action, supported by mere conclusory statements do not suffice."

<u>Id</u>. Legal conclusions must be supported by factual allegations and

the complaint must state a plausible claim for relief. <u>See id</u>. at

679. Legal conclusions must be supported by factual allegations

and the complaint must state a plausible claim for relief. <u>See id</u>.

at 679.

"Factual allegations must be enough to raise a right to

relief above the speculative level, on the assumption that all the

allegations in the complaint are true (even if doubtful in fact)."

<u>Twombly</u>, at 555. The reviewing court must determine whether the

complaint "contain[s] either direct or inferential allegations

respecting all the material elements necessary to sustain recovery

under some viable legal theory." <u>Id</u>. at 562; <u>see also</u> <u>Phillips v.</u>

<u>County of Allegheny</u>, 515 F.3d 224, 234 (3d Cir. 2008)(in order to

survive a motion to dismiss, a plaintiff must allege in his

complaint "enough facts to raise a reasonable expectation that

3

discovery will reveal evidence of the necessary element[s]" of a particular cause of action).  Additionally, pro se pleadings are to be construed liberally, Haines v. Kerner, 404 U.S. 519, 520 (1972).

**DOC**

The Moving Defendants initially assertsthat because it is an agency of the Commonwealth of Pennsylvania, the DOC is not a properly named defendant for purposes of § 1983.  See Doc. 13, p. 5.  Plaintiff's opposing brief does not address this argument.

It is initially noted that a State's removal to federal court of a case including both state and federal claims "constituted a waiver of Eleventh Amendment immunity for both categories of claims."  See Lombardo v. Dept. of Public Welfare, 540 F. 3f 190, 197 (3d Cir. 2008).  However, the Commonwealth "still may establish its own immunity against liability that is distinct from the Eleventh Amendment immunity enjoyed by all the States."  Id. at 200.

A plaintiff, in order to state an actionable civil rights claim, must plead two essential elements:  (1) that the conduct complained of was committed by a person acting under color of law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States.  See Groman v. Township of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990).

The United States Court of Appeals for the Third Circuit has concluded that the Pennsylvania Board of Probation and Parole could not be sued because "it is not a 'person' within the meaning of Section 1983."  Thompson v. Burke, 556 F.2d 231, 232 (3d Cir. 1977).

In <u>Will v. Michigan Dep't of State Police</u>, 491 U.S. 58 (1989), the Supreme Court reiterated its position that state agencies are not "persons" subject to liability in § 1983 actions brought in federal court.

Although the Moving Defendants removed this case to federal court thereby waiving their Eleventh Amendment immunity, the DOC has not waived its argument that it is not a person subject to suit under § 1983.  See <u>Davis v. Yates</u>, 2016 WL 5508809 *4 (D. N.J. Sept. 27, 2016).  Pursuant to the above discussion, this Court agrees that the DOC is not a person and thus, not a properly named defendant with respect to the civil rights portion of the pending Complaint. Defendant DOC is entitled to entry of dismissal with respect to any § 1983 claims.[2]

**Commonwealth of Pennsylvania**

The Commonwealth of Pennsylvania similarly contends that it is not a person for purposes of § 1983 litigation.  Manchas does not respond to this argument in his opposing brief.

As discussed above, the Commonwealth has waived its Eleventh Amendment immunity by removing this matter to federal court. However, it has not waived the argument that it is not a person for purposes of § 1983.  <u>Will</u> similarly established that a State is not subject to civil rights liability in federal court. See <u>Howlett v. Rose</u>, 496 U.S. 356, 365 (1990).  Accordingly, this Court likewise agrees that the Commonwealth of Pennsylvania is also not a properly named Defendant for purposes of Plaintiff's § 1983 claims.  See

---

2.  Based upon a review of the Complaint there are no assertions which could support a claim that Plaintiff was injured as the result of a DOC custom, policy or regulation or that there is any basis for liability against the DOC.

Bonilla v. State of New Jersey, 2016 WL 2660106 *2 (D. N.J. May 10,
2016)(finding state is not a person under § 1983 in case removed to
federal court).

**State Law Claims**

As previously noted, this matter was removed from
Pennsylvania state court to this Court.  The Complaint clearly
includes state law claims against the DOC and Commonwealth.  The
Moving Defendants maintain that those state law claims should be
dismissed because they are entitled to sovereign immunity under
Pennsylvania state law.

Prior to entertaining this argument for dismissal, this
Court must make a determination as to whether jurisdiction will be
exercised over the state law claims against the two Moving
Defendants.  Federal courts have jurisdiction over state claims
which are related to the federal claims and result from a common
nucleus of operative facts.  See United Mine Workers v. Gibbs, 383
U.S. 715, 725 (1966); Aldinger v. Howard, 427 U.S. 1, 9 (1976).
Supplemental jurisdiction may be declined over a claim when the
court has dismissed all claims over which it has original
jurisdiction.  See 28 U.S.C. § 1367(c)(3) (1997).  When rendering a
determination regarding pendent jurisdiction district courts should
consider judicial economy, convenience, and fairness to the
litigants.  New Rock Asset Partners v. Preferred Entity
Advancements, 101 F.3d 1492, 1505 (3d Cir. 1996)(citation omitted).

Once jurisdiction has been exercised over the state claim,
elimination of the federal claim does not deprive the court of
jurisdiction to adjudicate the pendent claim.  Id. (citing Lentino
v. Fringe Emp. Plans, Inc., 611 F. 2d 474, 479 (3d Cir. 1979)).

6

However, if a federal claim is dismissed prior to trial, the district court should decline to decide the pendent state claims, "unless considerations of judicial economy, convenience, and fairness provide an affirmative justification for doing so."

Once the basis for federal jurisdiction disappears, a district court should only exercise its discretion to entertain pendent claims if extraordinary circumstances exist. <u>New Jersey Department of Enviromental Protection v. Glouchester Enviromental Management</u>, 719 F. Supp. 325, 337 (D. N.J. 1989). A decision as to whether this Court should exercise jurisdiction over the surviving state law tort claims against Defendants Commonwealth of Pennsylvania and DOC will be held in abeyance pending resolution of the Remaining Defendants' pending motion to dismiss. An appropriate Order will enter.


RICHARD P. CONABOY
United States District Judge


DATED: JANUARY 1, 2017